IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Great Lakes Commercial Fishermen, LLC,     Case No. 3:08 CV 10

                 Plaintiff,     MEMORANDUM OPINION
                                                    AND ORDER
       -vs-
                                                    JUDGE JACK ZOUHARY
Ohio Department of Natural Resources,
   et al.,

                 Defendants.

**INTRODUCTION**

Plaintiff, Great Lakes Commercial Fisherman, LLC (Great Lakes), is seeking a declaratory judgment that Ohio Senate Bill 77 (S.B. 77) and its enforcement by Defendants, Sean Logan, Director of the Ohio Department of Natural Resources, and David Graham, Chief of the Ohio Division of Wildlife, violates both the United States and Ohio constitutions. This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 6) and Plaintiff's Opposition (Doc. No. 11). Plaintiff substituted the current Defendants because claims against the initial Defendants, the Ohio Department of Natural Resources (ODNR) and the Division of Wildlife, were barred by the Eleventh Amendment (Doc. No. 13). Plaintiff then filed a Supplemental Opposition (Doc. No. 14), Defendant replied (Doc. No. 21), and Plaintiff filed an additional Reply (Doc. No. 22).

**BACKGROUND**

Great Lakes is a consortium of individuals holding commercial fishing licenses in Ohio. Commercial fishing and its licensing procedures are regulated by the ODNR and the Ohio Division of Wildlife pursuant to the Ohio Revised Code § 1533.32 et seq. On October 10, 2007, the Ohio General Assembly codified S.B. 77, amending various provisions within the Ohio Revised Code relating to commercial fishing on Lake Erie. The relevant amendments include: a requirement that all commercial fishing vessels install catch monitoring devices; limitations on the ability to transfer commercial fishing licenses; and changes in the revocation policy for licensees convicted of felonies related to commercial fishing.

On January 2, 2008, Great Lakes filed a Complaint (Doc. No. 1) challenging the enforcement of the S.B. 77 amendments in their entirety. Specifically, Plaintiff alleges violations of procedural due process, substantive due process, and equal protection under the Ohio and United States constitutions, and a violation of the Dormant Commerce Clause of the U.S. Constitution.

**MOTION TO DISMISS STANDARD**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 MOORE'S FEDERAL PRACTICE,

§ 2.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ____ U.S. _____, 127 S.Ct. 1955, 1974 (2007). A court may go outside the pleadings when ruling on a motion to dismiss when the issue is whether a statute bears a rational relationship to a legitimate state purpose. *Spivey v. State of Ohio*, 999 F. Supp. 987, 991 (N.D. Ohio 1998) ("[G]oing outside the complaint to hypothesize reasons for enacting a statute will not conflict with the requirement that the pleaded facts be accepted as true. Truth is not the issue in such case and using discovery procedures to develop facts showing the state's true reasons for its actions could be inefficient and unnecessary.")

**Ohio Constitutional Claims**

Defendants seek dismissal of Counts II, IV, and VII as barred by the Eleventh Amendment of the U.S. Constitution. Counts II, IV, and VII each assert violations of the Ohio Constitution. Plaintiff may not "seek injunctive relief in federal court against a state officer for a **violation of state law**." *Mixon v. The State of Ohio*; 193 F.3d 389, 399 (6th Cir. 1999) (emphasis added); *see Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). Plaintiff argues it is not requesting injunctive relief but instead a declaration on constitutionality. However, the Declaratory Judgment Act "cannot be used to circumvent the Eleventh Amendment." *George-Khouri Family Ltd. Partnership v. Ohio Dep't of Liquor Control*, No. 04-3782, 2005 WL 1285677, at *2 (6th Cir. May 26, 2005) (citations omitted).

The Act only permits a plaintiff to bring a case where federal subject matter jurisdiction already exists; it does not create an independent basis for federal jurisdiction. *Id.* There is also "no

3

precedent suggesting that federal courts have jurisdiction over requests for a declaratory judgment that state officials are violating state law." *Id.* Thus, the Eleventh Amendment bars declaratory acts against state officers for violation of state law, and Counts II, IV, and VII are dismissed for lack of subject matter jurisdiction.

**Procedural Due Process**

In Count I of the Complaint, Plaintiff asserts the execution and administration of S.B. 77 violate Plaintiff's procedural due process rights under the Fourteenth Amendment of the U.S. Constitution. Defendants maintain that S.B. 77 is a legislative action that provides Plaintiff sufficient due process.

To evaluate whether Plaintiff states a procedural due process claim, the Court must follow a two prong test. *See Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002). The Court must determine whether (1) a commercial fishing license is a property right under the Fourteenth Amendment to the U.S. Constitution, and (2) the deprivation contravenes notions of due process. *Id.*

*Property Right*

Property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). To have a property right in a benefit, such as a commercial fishing license, a person "must have more than an abstract need, . . . desire . . . or unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* This Court is bound to apply federal constitutional principles which require a "functional" analysis of state law to determine

4

whether that law creates a legitimate claim of entitlement for Plaintiff in its licenses. *See Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983).

After reviewing the Ohio licensing statute, Revised Code § 1533.342, this Court concludes Great Lakes has a protected property interest in its fishing licenses. Great Lakes members pay for the right to fish the waters of Lake Erie; the right to fish commercially is limited and has value; and the Ohio licensing statute creates specific rules for revoking a license.

Thus, Great lakes has a legitimate claim of entitlement to fish in accordance with the terms of members' licenses, and these licenses constitute a property interest within the meaning of the Fourteenth Amendment. This conclusion is consistent with significant precedent that licenses are protected property interests. *See Barry v. Barchi*, 443 U.S. 55, 64 (1979) (horse trainer's license); *Bell v. Burson*, 402 U.S. 535, 539 (1971) (driver's license); *Easter House v. Felder*, 910 F.2d 1387, 1395 (7th Cir. 1990) (child welfare agency license); *Reed*, 704 F.2d at 948 (liquor license); *Le Bauve v. Louisiana Wildlife & Fisheries Comm'n*, 444 F.Supp. 1370, 1378-79 (E.D. La.1978) (fishing license).

### *Legislative Action*

Defendants contend the requirements of S.B. 77 are legislative action, and the legislative process is sufficient to satisfy the Fourteenth Amendment. Plaintiff argues that because the challenge is to the execution of the law, not its enactment, it is an administrative challenge and, therefore, requires due process considerations.

When a legislative body enacts a law of general applicability, affected individuals are not entitled to procedural due process beyond that which is already provided for in the legislative process. *See Atkins v. Parker*, 472 U.S. 115, 116 (1985). However, before deprivation of a property interest,

5

administrative actions generally require due process, such as notice and a hearing. *See Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).

Plaintiff is challenging three sections of Ohio Revised Code: R.C. § 1533.641, R.C. § 1533.36, and R.C. § 1533.343, each a part of S.B. 77 which was passed by the Ohio House of Representatives and the Ohio Senate, and then signed by the Governor. This process is clearly legislative in nature. The law is generally applicable to everyone in Ohio and does not single out a specific individual or group of individuals.

Defendants site several cases identifying the passing of ordinances, county regulations, and state statutes as legislative, not administrative, acts. *See, e.g., Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) ("General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule."); *37712, Inc. v. Ohio Dept. of Liquor Control*, 113 F.3d 614, 619 (6th Cir. 1997) ("alleged 'taking' (consequent to an adverse local option election) of a person's privilege pursuant to an ODLC-issued liquor license to market one or more varieties of alcoholic beverages in a particular precinct or residence district does not violate due process, because no notice or opportunity to be heard need proceed any legislative action of general applicability").

Plaintiff maintains enforcement of S.B. 77 is administrative, but provides no support for this position. Plaintiff cites *Jocham v. Tuscola County*, 239 F. Supp. 2d 714 (E.D. Mich. 2003) for the proposition that "[e]nforcement of a law can clearly violate due process" (Doc. No. 22, p. 8). However, *Jocham* only addresses due process challenges to statutes passed through a flawed

6

procedure within the legislature. Plaintiff has not alleged any defect with Ohio's legislative process or with the enactment procedure of S.B. 77. Plaintiff also cites a case from the Eleventh Circuit which determined the denial of a development permit was an administrative function that required due process. *Crymes v. Delkalb County, Gerogia*, 923 F.2d 1482 (11th Cir. 1991) (plaintiff required to complete road improvements before a permit would be issued and refusal to issue the permit required due process). There is no dispute the individualized denial of a permit by a government agency is administrative, but that is not what the instant case is about. S.B. 77 amendments are statutes of general applicability and action resulting from the statutes is not individualized, such as applying the denial of a building permit.

In summary, Plaintiff contends legislation requiring action by the Executive Branch is an administrative act. This definition would encompass every statute passed by the Ohio General Assembly. Procedural due process arguments under the Fourteenth Amendment do not extend to Plaintiff's alleged enforcement claims, and such claims must be dismissed.

**Substantive Due Process**

Count III of the Complaint alleges S.B. 77 violates Plaintiff's substantive due process rights because it bears no rational relationship to the "planning, developing and instituting programs and polices [sic] for fisheries management" (Doc. No 1, ¶ 47). Defendants seek dismissal of Count III because there is a legitimate government interest to enacting S.B. 77, mainly protection of the state's natural resources. The parties agree the appropriate standard of review for this substantive due process claim is a rational basis review because Great Lakes is not a suspect class.

To show a violation of substantive due process, Plaintiff must establish the existence of a constitutionally protected property right and government interference with this right without any

rational relationship to a governmental interference. The Court has already found that a commercial fishing license is a protected property right under the Fourteenth Amendment. However, Plaintiff must also show S.B. 77 has no rational relationship to a legitimate governmental interest. As previously noted, Ohio does have an inherent interest in protecting its natural resources through the regulation of commercial fishing on Lake Erie. *See Baldwin v. Fish & Game Comm'n of Mont.*, 436 U.S. 371, 390 (1978). S.B. 77 is such an attempt by the Ohio General Assembly to preserve the state's marine resources through specific regulation and control over commercial fishing operations and licensure. Because the Court can identify at least one legitimate governmental interest, Plaintiff cannot state a substantive due process claim and Count III of the Complaint is dismissed.

**Dormant Commerce Clause**

Plaintiff alleges in Count V of the Complaint that S.B. 77 "unduly interfere[s] with the commercial fishing industry" and discriminates against interstate commerce. Defendants move to dismiss this claim because S.B. 77 is neutral in its application and Plaintiff will be unable to prove that "S.B. 77 poses a clearly excessive burden to interstate commerce" (Doc. No. 21, p. 17).

The Commerce Clause confers upon Congress the power "to regulate Commerce . . . among the several States." U.S. Const. art. I., § 8, cl. 3. Among other things, the clause limits the power of individual states to interfere with interstate commerce even if the legislation involves matters of legitimate local concern. State fish and wildlife laws are within the reach of the Commerce Clause; they cannot unjustifiably interfere with interstate commerce. *Hughes v. Oklahoma*, 441 U.S. 322, 335-36, (1979).

The Supreme Court sets forth a two-part framework to determine if "resource conservation laws" or "environmental protection laws" impermissibly interfere with interstate commerce.

8

First, if a "state law purporting to promote environmental purposes is in reality 'simple economic protectionism,' [the courts] have applied a 'virtually per se rule of invalidity.'" *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 471 (1981) (quoting *Philadelphia v. New Jersey*, 437 U.S. 617, 624 (1978)). Reviewing S.B. 77, it is clear it does not constitute facial discrimination. The regulations apply equally to anyone seeking or possessing a commercial fishing license in Ohio. There is no protectionist scheme within the regulations which would constitute a *per se* violation.

Second, the Court must address whether "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). Moreover, "the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." *Id.* The inquiry then becomes whether S.B. 77 serves a legitimate local purpose. Defendants identify a legitimate interest in efficiently and effectively monitoring the Lake Erie fishing industry. Plaintiff does not challenge legitimate state interest; rather it suggests that the means are clearly excessive and that an alternative method could promote the same purpose without discriminating against interstate commerce (Doc. No. 11, p. 14). However, any impact on interstate commerce is minimal at best, because the Bill applies equally to both in-state and out-of-state fisherman and therefore, no alternative is necessary.

The Court finds as a matter of law that Plaintiff is unable to show that the burden imposed on interstate commerce is clearly excessive or that an alternative method is more suitable. The commercial fishing restrictions of S.B. 77 are within the limits imposed on Ohio by the Commerce Clause, and Count V of the Complaint is dismissed.

9

**Equal Protection Clause**

Plaintiff presents an equal protection claim under the Fourteenth Amendment on the basis of unequal treatment "due to the inequities between sport and commercial fisherman" (Doc. No. 11, p.15). Again the parties agree that rational basis review is appropriate because neither classification of fisherman involves a suspect class.

Under rational basis review, Plaintiff must show the challenged treatment bears no rational relationship to a legitimate state interest and that no facts may be reasonably conceived to justify the unequal treatment. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000). The Court previously identified conservation and regulation of natural resources as legitimate state interests. More stringent regulation of commercial fishing operations than sport fishing may be necessary to ensure the fish population on Lake Erie remains sustainable, and thus there is a conceivable justification for why the state is providing unequal treatment in implementing fishing regulations. This justification is sufficient to overcome a claim of violation of the Equal Protection Clause, and Count VI must be dismissed. *See United States v. Dunham*, 295 F.3d 605, 611 (6th Cir. 2002) ("The rational basis justifying a statute against an equal protection claim need not be stated in the statute or in its legislative history; it is sufficient that a court can conceive of a reasonable justification for the statutory distinction." (quoting *Estate of Kunze v. Comm'r of Internal Revenue*, 233 F.3d 948, 954 (7th Cir.2000))).

## CONCLUSION

The Eleventh Amendment of the United States Constitution bars Plaintiff from maintaining the claims for violation of the Ohio Constitution in Counts II, IV, and VII. Count I is also dismissed because Plaintiff fails to allege that the legislative process of enacting S.B. 77 was in some way

flawed. Plaintiff's remaining challenge was to the enforcement mechanism of S.B. 77, which is outside the scope of a procedural due process claim. The claims of violation of substantive due process and equal protection, Counts III and VI, are also dismissed because Plaintiff fails to allege any factual scenario that could survive a rational basis review, and the Court identified conservation and regulation of natural resources as legitimate state interests.

For the reasons stated above, Defendants' Motion to Dismiss is granted. The Stay ordered on June 5, 2008 (Doc. No. 24) is hereby lifted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 20, 2008